# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 87-CR-80933-13

v.                                             Hon. Gerald E. Rosen

ERIC LAMAR WILKINS,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S
## MOTION TO CORRECT JUDGMENT

               At a session of said Court, held in
            the U.S. Courthouse, Detroit, Michigan
            on_____July 10, 2009_____

            PRESENT:  Honorable Gerald E. Rosen
                           Chief Judge, United States District Court

        By order dated September 10, 2004, the Court denied a motion brought by

Defendant Eric Lamar Wilkins in which he sought to invoke Fed. R. Crim. P. 35 as a

basis for correcting alleged illegalities in his sentence.  In so ruling, the Court found that

any appeal to Rule 35 in its present form would be untimely, and that Defendant could

not proceed under an earlier version of Rule 35 that governed offenses committed prior to

November 1, 1987 because the drug conspiracy of which he was convicted extended

beyond this date (specifically, to February 26, 1988).  Defendant did not appeal from this

ruling.[1]

Through the present motion, brought nearly three years after this ruling, Defendant now seeks to pursue a similar challenge to his sentence through a different procedural route. Specifically, he argues that his March 28, 1989 judgment of conviction should be corrected pursuant to Fed. R. Crim. P. 36 — a rule which, unlike the current Rule 35, permits the correction of a "clerical error" in the judgment "at any time," Fed. R. Crim. P. 36 — to reflect the purported intent of the sentencing judge, the Honorable Richard F. Suhrheinrich,[2] that he was to be sentenced under the pre-Sentencing Guidelines regime that governed prior to the November 1, 1987 effective date of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, Title II, ch. II, 98 Stat. 1987 (1984).[3] As evidence of this supposed intent, Defendant points to Judge Suhrheinrich's apparent assent at the

---

[1]Notably, however, one of the co-defendants in this case, William Jackson, pursued an appeal from a similar ruling by this Court that he could not invoke Rule 35 to correct alleged illegalities in his sentence. *See United States v. Jackson,* No. 87-80933 (E.D. Mich. Sept. 21, 2004). The Sixth Circuit affirmed this ruling, explaining that the earlier version of Rule 35 did not apply because the drug conspiracy in which Defendant Jackson had participated extended beyond November 1, 1987 (the last date upon which the earlier version of the rule was in effect) and he had not shown that he affirmatively withdrew from the conspiracy prior to that date. *See United States v. Jackson,* No. 04-2308 (6th Cir. Feb. 22, 2006).

[2]Although Defendant was sentenced by Judge Suhrheinrich, his conviction was subsequently vacated on appeal, *see United States v. Chambers,* 944 F.2d 1253, 1261 (6th Cir. 1991), but then reinstated by this Court on remand, *see United States v. Chambers,* 796 F. Supp. 1036, 1038 (E.D. Mich. 1992), *aff'd, United States v. Wilkins,* 995 F.2d 1068, 1993 WL 177696 (6th Cir. May 26, 1993).

[3]The Court notes that Defendant's contention in his present motion is somewhat at odds with a subsequent motion in which he seeks a modification of his sentence in light of the recent crack cocaine amendments to the Sentencing Guidelines. If, as Defendant now contends, he was not initially sentenced under the Guidelines, then any amendment to the Guidelines presumably would have no effect on his sentence.

conclusion of the sentencing hearing to his counsel's request "that the order of judgment specifically reflect [Defendant] is being sentenced under the pre-November 1, 1987 statute." (3/24/1989 Sentencing Hearing Tr. at 6.)

Yet, other portions of the sentencing transcript evidently reflect a different intent. Most significantly, after hearing defense counsel's argument that Defendant should be sentenced "under the pre-November 1, 1987 statute," Judge Suhrheinrich responded that "I will sentence him under the Sentencing Reform Act of 1984 guidelines." (*Id.* at 3.) And, of course, Defendant concedes that the resulting judgment actually entered by Judge Suhrheinrich comports with this latter statement, as it provides that Defendant's sentence was "imposed pursuant to the Sentencing Reform Act of 1984." (3/28/1989 Judgment at 1.) Upon reviewing the entire record pertaining to Defendant's sentencing, then, the Court cannot say that it definitively establishes the "intent" posited in Defendant's present motion.

Fortunately, the Court need not attempt to resolve any ambiguities in Judge Suhrheinrich's statements at Defendant's sentencing because, for the reasons stated in the Court's earlier September 10, 2004 order in this case, Defendant was properly sentenced under the Sentencing Guideline regime that governs offenses committed after November 1, 1987. Defendant's present motion under Rule 36, like his prior motion under Rule 35, is predicated on the assertion that his drug conspiracy offense extended only until his "participation in the conspiracy end[ed]" on a date prior to November 1, 1987. (Defendant's 6/11/2007 Motion for Clarification at 2.) In particular, although the

3

conspiracy charged in the indictment spanned from 1983 until the date of the superseding indictment, or February 26, 1988, Defendant contends that his participation in the conspiracy ended several months earlier, in August of 1987, when he was arrested by state law enforcement officials.

Be that as it may, the Sixth Circuit has repeatedly held — including in published and unpublished decisions in this very case — that a conspirator remains liable for the acts of his co-conspirators committed in furtherance of the conspiracy unless and until he *affirmatively withdraws* from the conspiracy, and that the requisite withdrawal is not accomplished merely through a defendant's cessation of activity in furtherance of the conspiracy, whether as a result of his arrest or otherwise. *See Chambers,* 944 F.2d at 1265; *Jackson,* No. 04-2308, 2/22/2006 Order at 2-3; *see also United States v. Robinson,* 390 F.3d 853, 882 (6th Cir. 2004) ("Mere cessation of activity is not sufficient to establish withdrawal from a conspiracy," nor does "a defendant's arrest or incarceration . . . qualify as an affirmative, volitional act of withdrawal." (internal quotation marks and citations omitted)); *United States v. Brown,* 332 F.3d 363, 373-74 (6th Cir. 2003).  In light of these principles, the Sixth Circuit has expressly affirmed that defendants who are convicted of drug conspiracies spanning the effective date of the Sentencing Reform Act of 1984 and the Sentencing Guidelines are properly sentenced under the post-November 1, 1987 Guidelines regime.  *See United States v. Walton,* 908 F.2d 1289, 1299-1300 (6th Cir. 1990); *United States v. Lewis,* No. 04-3785, 166 F. App'x 803, 806 (6th Cir. Jan. 11, 2006).

4

Against this backdrop, the Court must decline Defendant's invitation to inject an error into his March 1989 judgment of conviction, over twenty years after this judgment was entered.  This judgment, in its present form, states that Defendant's sentence was "imposed pursuant to the Sentencing Reform Act of 1984."  (3/28/1989 Judgment at 1.) As explained, this result fully comports with the applicable law of this Circuit.  Any purported ambiguities in the transcript of Defendant's sentencing hearing do not warrant the alteration of this judgment under Rule 36, where the "correction" sought by Defendant would introduce, and not fix, an error in this judgment.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's July 2, 2007 motion to correct judgment (docket #1430) is DENIED.  In light of this ruling, IT IS FURTHER ORDERED that Defendant's September 25, 2008 motion requesting a ruling on his earlier motion (docket #1457) is DENIED AS MOOT.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  July 10, 2009

5

**CERTIFICATE OF SERVICE**

I hereby certify that on ___July 10, 2009___, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____Daniel R. Hurley_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
_____Eric Lamar Wilkins, #10923-039, FCI Terre Haute, Federal Correctional Institution, P.O. Box 33, Terre haute, IN 47808_____.

s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(313) 234-5137

6