**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,                               Case No. 87-CR-80933-13

v.                                                    Hon. Gerald E. Rosen

ERIC LAMAR WILKINS,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR
REDUCTION OF SENTENCE AND TO CORRECT ILLEGAL SENTENCE**

                      At a session of said Court, held in
                  the U.S. Courthouse, Detroit, Michigan
                  on         February 15, 2010

                 PRESENT:  Honorable Gerald E. Rosen
                                     Chief Judge, United States District Court

      Two motions filed by Defendant Eric Lamar Wilkins presently are pending before the Court. In the first, filed initially by Defendant on March 14, 2008 and then resubmitted on June 11, 2009 by counsel appointed to represent him, Defendant seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) in light of the recent amendments to the United States Sentencing Guidelines pertaining to crack cocaine. Next, Defendant filed a *pro se* motion on September 4, 2009 in which he seeks to invoke the "old" Rule 35 of the Federal Rules of Criminal Procedure to correct alleged illegalities in his sentence.

On February 9, 2010, the Court held a hearing on these two motions. Having considered the arguments of counsel at this hearing, and having reviewed the parties' written submissions and the record as a whole, the Court now is prepared to rule on Defendant's motions. For the reasons stated at the February 9 hearing and set forth below, the Court finds that these motions must be denied.

## I. PROCEDURAL BACKGROUND

This case has a fairly extensive procedural history that bears upon the issues presented in Defendant's two pending motions. Defendant initially was sentenced by Judge Richard F. Suhrheinrich to 405 months of imprisonment, following his conviction by a jury of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana. This sentence was imposed in March of 1989, and was ordered to be served consecutively to a pending state sentence. On direct appeal, the Sixth Circuit Court of Appeals vacated Defendant's conviction and remanded for further proceedings, on the ground that the district court purportedly had failed to hold the requisite hearing to determine whether Defendant should be prosecuted as a juvenile or as an adult. *See United States v. Chambers,* 944 F.2d 1253, 1261 (6th Cir. 1991). On remand, this Court determined that Judge Suhrheinrich had, in fact, conducted the requisite hearing, and thus reinstated Defendant's conviction. *See United States v. Chambers,* 796 F. Supp. 1036, 1038 (E.D. Mich. 1992), *aff'd,* 995 F.2d 1068, 1993 WL 177696 (6th Cir. May 26, 1993).

Over the next several years, Defendant did not pursue any challenges to his

conviction or sentence, whether under 28 U.S.C. § 2255 or otherwise. Then, in July of 2001, he filed a motion to correct his sentence, arguing that this relief was authorized (and timely sought) under the "old" pre-1987 version of Fed. R. Crim. P. 35 that permitted district courts to "correct an illegal sentence at any time."[1] In support of his appeal to this earlier version of Rule 35, Defendant contended that the offense of which he was convicted pre-dated November 1, 1987, the date that the "old" Rule 35 ceased to be in effect. The Court rejected this argument, observing that "the offense of conviction was a drug conspiracy that spanned from 1983 until the date of the superseding indictment, or February 26, 1988." (9/10/2004 Order at 2.) Defendant did not appeal this ruling.[2]

In July of 2007 — nearly three years after the Court rejected his appeal to the "old" Rule 35 — Defendant filed a motion to correct his March 1989 judgment of conviction to reflect the purported intention of Judge Suhrheinrich that he should be sentenced under the pre-Sentencing Guidelines regime that governed prior to the November 1, 1987 effective date of the Sentencing Reform Act of 1984. In support of this motion, Defendant cited portions of the transcript of his March 24, 1989 sentencing hearing in which Judge Suhrheinrich arguably assented to defense counsel's request that

---

[1]The present version of Rule 35, in contrast, permits the correction or reduction of sentences only within 7 days after sentencing or upon the Government's motion.

[2]Notably, a co-defendant, William Jackson, appealed from this Court's denial of his similar motion for relief under the "old" Rule 35, and the Sixth Circuit affirmed this ruling. *See United States v. Jackson,* No. 04-2308, Order at 2-3 (6th Cir. Feb. 22, 2006).

Defendant be sentenced under the pre-Sentencing Guidelines regime. The Court denied this motion in a July 10, 2009 order, citing other portions of the sentencing transcript in which Judge Suhrheinrich appeared to evidence a different intent, and further observing that Defendant was properly subject to sentencing under the Sentencing Guidelines because his offense of conviction, a drug conspiracy, extended into early 1988, past the effective date of the Guidelines. (*See* 7/10/2009 Order at 3-5.)[3]

Defendant took an appeal from the Court's July 10, 2009 order, while at the same time pursuing a similar legal challenge to his judgment of conviction in a parallel proceeding brought under 28 U.S.C. § 2241 in the Southern District of Indiana. The Indiana district court rejected Defendant's contention that his sentence should be governed by the pre-Sentencing Guidelines regime, but the Seventh Circuit reversed, holding that the written March 1989 judgment of Defendant's conviction failed to comport with Judge Suhrheinrich's statement at sentencing that Defendant was being sentenced under pre-Guidelines law. *See Wilkins-El v. Marberry,* No. 08-4147, 2009 WL 2132667, at *2-*3 (7th Cir. July 16, 2009).[4] In light of this Seventh Circuit ruling that granted Defendant the relief he had sought in his July 2007 motion before this Court, the

---

[3]In this order, the Court observed that Defendant had subsequently moved for a reduction in his sentence in light of the crack cocaine amendments, and it noted the incongruity of Defendant arguing on the one hand that he was sentenced under the pre-Sentencing Guidelines regime, while contending on the other hand that he was eligible for a sentence reduction under an amendment to the Sentencing Guidelines. (*See id.* at 2 n.3.)

[4]The significance of this ruling is that, under the pre-Sentencing Guidelines regime, Defendant would eventually be eligible for parole after completing a portion of his federal prison sentence.

Sixth Circuit recently dismissed Defendant's appeal from this Court's July 10, 2009 order, and also vacated the July 10 order itself.

In the meantime, Defendant has joined many of his co-defendants in this case in seeking a reduction in his sentence in light of the recent crack cocaine amendments to the Sentencing Guidelines. In addition, Defendant recently renewed his motion to correct his sentence under the "old" Rule 35, apparently reasoning that this relief should now be available in light of the Seventh Circuit's ruling that Judge Suhrheinrich intended to sentence him under the pre-Sentencing Guidelines regime.

## II. ANALYSIS

A.  **Defendant's Motion for a Reduction in Sentence Pursuant to the Crack Cocaine Amendments to the Sentencing Guidelines**

Turning first to Defendant's motion under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence in light of the crack cocaine amendments to the Sentencing Guidelines, the Court finds, on two separate grounds, that this motion must be denied. First, as acknowledged by Defendant's counsel in the immediate aftermath of the Seventh Circuit's ruling, now that the Seventh Circuit has held "that Defendant's sentence is not a Guideline sentence," he is not "eligible for any relief under the amendments to the crack cocaine guidelines." (Defendant's 7/17/2009 Suppl. Br. at 2.) This stands to reason, because § 3582(c)(2) authorizes relief only if a defendant "has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added).

5

In a more recent filing, however, Defendant seeks to retreat from this concession, arguing that he is eligible for relief under § 3582(c)(2) because his sentence was "fashioned by analogy to the Sentencing Guidelines." ( Defendant's 12/7/2009 Second Suppl. Br. at 3.)  As Defendant points out, while Judge Suhrheinrich indicated at one point in the March 1989 sentencing hearing that Defendant would be sentenced under the pre-Sentencing Guidelines law, he nonetheless explained that Defendant's sentence was determined "in accordance with" the 324-to-405 month range calculated under the Sentencing Guidelines.  (3/24/1989 Sentencing Hearing Tr. at 2.)  Defendant argues that this reference to the Sentencing Guidelines should suffice to trigger the Court's authority under § 3582(c)(2) to modify a sentence that was "based on a sentencing range that has subsequently been lowered."

Defendant cannot have it both ways.  He has successfully argued for a sentence governed by pre-Guidelines law, with its attendant benefit of the possibility of parole.  It follows that his sentence was not "based on" a Sentencing Guideline range.  Rather, Judge Suhrheinrich merely looked to the Sentencing Guidelines to channel the considerable sentencing discretion enjoyed by the district courts under the law that governed prior to the Sentencing Reform Act.  Under comparable circumstances, the courts have held that defendants who were sentenced under the pre-Guidelines law are not eligible for sentencing relief under § 3582(c)(2).  *See, e.g., United States v. Watson,* 868 F.2d 157, 158 (5th Cir. 1989); *United States v. Argitakos,* 862 F.2d 423, 424-25 (2d Cir. 1988); *United States v. Hackney,* No. 88-2142, 1989 WL 56553 (6th Cir. May 31,

6

1989); *United States v. Torres-Nunez,* No. 87-Cr-419, 2008 WL 2127761, at *2 (S.D.N.Y. May 19, 2008). As explained by the Second Circuit:

> The goal of the [Sentencing Reform Act] is to bring about greater uniformity in sentences and to dispense with the parole system. Without parole, the way to ensure uniformity in sentences when sentence ranges are subsequently altered is to reduce the sentences of offenders who received the earlier, longer sentences. For prisoners sentenced before the Guidelines came into effect, such as the defendants here, however, uniformity is to be achieved through the parole system.

*Argitakos,* 862 F.2d at 425 (citation omitted). Defendant has not cited any authority to the contrary. Accordingly, the Court finds that Defendant is not eligible for relief under § 3582(c)(2).

In any event, the Government persuasively argues that Defendant would be a poor candidate for any such relief, even if it were available to him. As the Government notes, while it was determined for purposes of Defendant's sentencing that he was responsible for one kilogram of crack cocaine and five kilograms of powder cocaine, there was no need to determine whether Defendant might be chargeable with greater quantities, because the one- and five-kilogram amounts were sufficient to trigger the highest possible offense level under U.S.S.G. § 2D1.1 at the time, offense level 36. There is ample basis to believe that the actual drug quantities for which Defendant was responsible were far higher, where (i) the evidence showed that Defendant oversaw crack houses doing $25,000 a day in crack sales for several years, and (ii) Defendant's presentence report reflected a purchase of 24 kilograms of powder cocaine on one occasion alone. Under this record, even if Defendant were eligible for a reduction in his sentence in light of the

7

crack cocaine amendments to the Sentencing Guidelines, the Court readily concludes that such a reduction would not be appropriate.

**B.     Defendant's Motion Under the "Old" Rule 35 to Correct an Illegal Sentence**

The Court turns next to Defendant's recent *pro se* motion, in which he renews his effort to obtain relief from his sentence under the "old" Rule 35. As this Court explained in its September 10, 2004 order rejecting Defendant's earlier appeal to the "old" Rule 35, this version of the Rule governs only those offenses that were "committed prior to November 1, 1987." (9/10/2004 Order at 2.) In the September 2004 order, the Court held that Defendant was not eligible for relief under the "old" Rule 35, where "the offense of conviction was a drug conspiracy that spanned from 1983 until the date of the superseding indictment, or February 26, 1988." (9/10/2004 Order at 2.) This ruling remains the law of this case, and Defendant did not pursue an appeal from this order.[5] Accordingly, Defendant's present motion must be denied on this ground alone.

While Defendant presumably would argue that this Court's ruling has been undermined by the Seventh Circuit's recent decision holding that Defendant's judgment of conviction should be amended to reflect that is it governed by pre-Guidelines law, the Court begs to differ. The Seventh Circuit's ruling rested upon what it deemed to be a discrepancy between Judge Suhrheinrich's stated intention at Defendant's March 1989 sentencing hearing and the resulting judgment of conviction. This ruling does not stand

---

[5]As noted earlier, another defendant in this case did appeal from a similar ruling, and the Sixth Circuit affirmed this Court's determination that the "old" Rule 35 did not apply.

for the further proposition that, in fact, Defendant's offense of conviction was committed entirely prior to November 1, 1987, such that he would be eligible for relief under the "old" Rule 35. Rather, the only ruling on this precise point is found in this Court's September 10, 2004 order, and this ruling remains undisturbed by the Seventh Circuit's conclusion as to what Judge Suhrheinrich meant to achieve at Defendant's March 1989 sentencing hearing.

In any event, Defendant's motion does not establish an entitlement to relief under the "old" Rule 35. First, while he faults his trial counsel for purportedly failing to "instruct the jury" that he was a juvenile at the time of the charged offense, the record demonstrates that his counsel *did* raise a challenge at trial to the Government's effort to proceed against him as an adult. Indeed, this was the precise subject of Defendant's direct appeal from his conviction, with the Sixth Circuit holding that the Government had timely tendered the statutorily required certification of its intent to prosecute Defendant as an adult, but finding that the case had to be remanded so that this Court could conduct the requisite hearing on this matter. *See United States v. Chambers,* 944 F.2d 1253, 1260-61 (6th Cir. 1991).[6] Accordingly, this challenge lacks merit.

Defendant next faults his trial counsel for failing to sufficiently challenge the district court's decision to impose his federal sentence consecutively to a state sentence he was then serving. Yet, it is evident from the sentencing transcript that Defendant's

---

[6]As discussed earlier, this Court determined on remand that the required hearing had in fact been held, and the Sixth Circuit affirmed this ruling on appeal.

trial counsel pursued this challenge, but that Judge Suhrheinrich nonetheless determined that a consecutive sentence was appropriate. Moreover, to the extent that Defendant suggests that his counsel should have appealed to a particular sentencing guideline, U.S.S.G. § 5G1.3, as purportedly militating in favor of a concurrent sentence, the Court again observes that Defendant cannot claim an entitlement to the application of any Sentencing Guideline provision, in light of his successful argument before the Seventh Circuit that his sentence should be governed by pre-Guideline law.

Finally, Defendant contends that the sentencing court violated Fed. R. Crim. P. 32 in various respects in the procedures employed at sentencing. Even if this were so, Defendant does not explain how the resulting sentence would be "illegal," such that it would be subject to correction under the "old" Rule 35(a). Rather, any such violations would, at most, produce a "sentence imposed in an illegal manner" under the "old" Rule 35(a), and the "old" Rule required that a motion brought on this ground had to be filed within 120 days after a sentence became final. Here, Defendant's sentence became final in 1993, when the Sixth Circuit affirmed this Court's reinstatement of Defendant's conviction. Even assuming that Defendant's present Rule 35 motion "relates back" to his earlier Rule 35 motion, this earlier motion was filed in July of 2001, approximately 8 years after his judgment of conviction became final. Thus, his request for Rule 35 relief is untimely.[7]

---

[7]In addition, to the extent that Defendant cites the "old" Rule 35 as a basis for correcting alleged inaccuracies in his presentence report, the Court fails to see how a Rule 35 motion for a

## III. CONCLUSION

For the reasons set forth above, as well as the reasons stated on the record at the February 9, 2010 hearing on Defendant's motions,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's March 14, 2008 motion for a reduction in sentence (docket #1437), as re-filed by counsel on his behalf on June 11, 2009 (docket #1489), is DENIED. IT IS FURTHER ORDERED that Defendant's September 4, 2009 motion to correct illegal sentence (docket #1522) also is DENIED.

                                        s/Gerald E. Rosen
                                        Chief Judge, United States District Court

Dated: February 15, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 15, 2010, by electronic and/or ordinary mail.

                                        s/Ruth Brissaud
                                        Case Manager

---

correction or reduction of a sentence is a suitable vehicle for such relief, which would have no evident impact upon Defendant's sentence.