**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 87-CR-80933-13

v.                                                Hon. Gerald E. Rosen

ERIC LAMAR WILKINS,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS TO**
**DISMISS INDICTMENT AND TO CORRECT ILLEGAL SENTENCE**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        December 7, 2011

PRESENT: Honorable Gerald E. Rosen
                     Chief Judge, United States District Court

Presently pending before the Court are two *pro se* motions filed by Defendant Eric Lamar Wilkins on November 10, 2011.[1] In the first of these motions, Defendant seeks the dismissal of the charges against him and his immediate release from custody on the ground that he allegedly was denied the right to a speedy trial conferred under 18 U.S.C. § 5036, a provision of the Federal Juvenile Delinquency Act ("FJDA"), 18 U.S.C. § 5031 *et seq.* In the second of his two pending motions, Defendant seeks to invoke the "old" Rule 35 of the Federal Rules of Criminal Procedure to challenge various alleged

---

[1] Although Defendant's November 10, 2011 submissions appear as a single entry on the docket, this docket entry consists of two separate motions.

infirmities in his conviction and sentence.  For the reasons stated below, the Court finds no basis for awarding the relief sought in Defendant's two motions.

As noted, Defendant's first motion seeks the dismissal of the charges against him and his immediate release from federal custody.  Notably lacking from this motion, however, is any suggestion of a legal basis upon which the Court could entertain Defendant's claim of a speedy trial violation at the time of his trial back in October of 1988.  Following his conviction at this 1988 trial of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana, Defendant was sentenced by then-District Judge Richard F. Suhrheinrich to 405 months of imprisonment.  Although the Sixth Circuit Court of Appeals subsequently vacated Defendant's conviction and remanded for further proceedings, *see United States v. Chambers,* 944 F.2d 1253, 1261 (6th Cir. 1991), this Court then reinstated Defendant's conviction in 1992, *see United States v. Chambers,* 796 F. Supp. 1036, 1038 (E.D. Mich. 1992), *aff'd,* 995 F.2d 1068, 1993 WL 177696 (6th Cir. May 26, 1993), and Defendant's conviction and sentence have remained undisturbed since that time.  So far as this Court is aware, the federal courts have no freestanding and unbounded jurisdictional authority to revisit otherwise final judgments in criminal cases, or to act upon requests to correct alleged infirmities in a conviction or sentence.  Rather, the Court's power to set aside a conviction or modify a sentence is derived from, and sharply circumscribed by, the handful of specific rules and statutes that authorize and govern the collateral review of final criminal judgments.

In apparent recognition of this, Defendant's second motion provides what his first

motion does not — namely, a specific source of this Court's purported authority to revisit the lawfulness of his conviction and sentence. In particular, Defendant appeals to an earlier version of Rule 35 of the Federal Rules of Criminal Procedure, which applies to offenses committed prior to November 1, 1987. Under this prior version of Rule 35, the federal district courts are authorized to "correct an illegal sentence at any time." The current version of the Rule, in contrast, lacks this open-ended and temporally unbounded language permitting the correction of illegal sentences, leaving 28 U.S.C. § 2255 as the principal mechanism through which a district court may modify a previously imposed term of imprisonment. *See Terrell v. United States,* 564 F.3d 442, 447 (6th Cir. 2009); *United States v. Ross,* 245 F.3d 577, 585-86 (6th Cir. 2001).

Yet, Defendant's appeal to the "old" Rule 35 fails on two scores. First, Defendant has already brought two prior motions in this case in which he sought relief under the earlier version of Rule 35. In each instance, the Court held that Defendant was not eligible for relief under the "old" Rule 35 because his "offense of conviction was a drug conspiracy that spanned from 1983 until the date of the superseding indictment, or February 26, 1988." (9/10/2004 Order at 2; *see also* 2/15/2010 Op. at 8.) Accordingly, Defendant's offense of conviction was not committed "entirely prior to November 1, 1987, such that he would be eligible for relief under the 'old' Rule 35." (2/15/2010 Op. at 9.) Defendant has never appealed either of this Court's two rulings on this issue,[2] and it

---

[2] While Defendant did pursue an appeal from the Court's February 15, 2010 ruling, he challenged only one aspect of this ruling — namely, the Court's denial of Defendant's motion

3

follows that these rulings are the law of the case as to the inapplicability of "old" Rule 35 here. *See United States v. Adesida,* 129 F.3d 846, 849-50 (6th Cir. 1997) ("The law-of-the-case doctrine bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but were not.").

In any event, the bulk of the relief sought in Defendant's two pending motions could not be awarded under the "old" Rule 35. As noted, this Rule authorizes the Court to "correct an illegal sentence at any time." Yet, in all but one of the claims advanced in his pending motions, Defendant challenges the lawfulness of his ***underlying conviction,*** and not his sentence. Specifically, in the first of his two motions, Defendant contends that the charges against him should be dismissed and that he should be released from custody in light of a purported violation of a speedy trial requirement found in the FJDA. *See* 18 U.S.C. § 5036 (mandating that "an alleged delinquent who is in detention pending trial" must generally be "brought to trial within thirty days from the date upon which such detention was begun"). In his second motion, Defendant argues (i) that he was denied his Sixth Amendment right to counsel in light of his trial attorney's failure to mount an effective and appropriate challenge to the Government's effort to try him as an adult; (ii) that both his trial and his appellate counsel provided ineffective assistance by failing to raise the alleged speedy trial violation identified in Defendant's present submissions; and

---

for a modification of his sentence under 18 U.S.C. § 3582(c)(2) in light of the crack cocaine amendments to the U.S. Sentencing Guidelines. *See United States v. Wilkins,* No. 10-1242, 426 F. App'x 443 (6th Cir. Aug. 11, 2011) (affirming the denial of this motion). Defendant, who was represented by counsel, did not challenge the portion of the February 15, 2010 ruling in which the Court addressed (and denied) Defendant's motion for relief under the "old" Rule 35.

(iii) that the Court should look to "equitable standards" as a basis for revisiting its February 15, 2010 ruling that Defendant is not eligible for relief under the crack cocaine amendments to the Sentencing Guidelines. Only the last of these arguments can be viewed as a challenge to Defendant's sentence, as opposed to his underlying conviction.

As the courts have uniformly recognized, however, the plain language of the "old" Rule 35 authorizes the correction only of an "illegal sentence," and not illegalities in an underlying conviction. Most notably, in *Hill v. United States,* 368 U.S. 424, 430, 82 S. Ct. 468, 472 (1962), the Supreme Court explained that "as the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal *sentence,* not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." In light of this Supreme Court precedent, the Sixth Circuit has held that the "old" Rule 35 permits the correction only of those sentences "that the judgment of conviction did not authorize." *Petro v. United States,* 368 F.2d 807, 808 (6th Cir. 1966) (internal quotation marks and citation omitted); *see also United States v. Boyd,* 591 F.3d 953, 956 (7th Cir. 2010) (observing that "an illegal sentence within the meaning of Rule 35(a) is not a judgment that rests on an error; it is a sentence that is ambiguous, inconsistent with the defendant's conviction, or otherwise defective" (internal quotation marks and citations omitted)). More specifically, the Sixth Circuit has found that challenges to jury instructions, *see Petro,* 368 F.2d at 808, to the sufficiency of the evidence to support a conviction, *see United States v. Evans,* No. 01-6192, 42 F. App'x 801, 802 (6th Cir. Aug. 13, 2002), and to the voluntariness of a guilty plea, *see United*

5

*States v. Adler,* No. 84-1613, 1985 WL 13570, at *2 (6th Cir. Aug. 26, 1985), all lie outside the scope of the "old" Rule 35.

This reading of the "old" Rule 35 defeats all but one of the challenges advanced in Defendant's two pending motions. Defendant's claims of FJDA violations arise from errors that allegedly occurred at or before trial — *i.e.,* in "proceedings prior to the imposition of sentence." *Hill,* 368 U.S. at 430, 82 S. Ct. at 472. Moreover, to the extent that Defendant complains about the failure of his trial or appellate counsel to avert or challenge the alleged FJDA violations that occurred at or before trial, these Sixth Amendment claims of ineffective assistance of counsel implicate the underlying judgment of conviction, rather than any purported inconsistency between this underlying judgment and Defendant's resulting sentence. It follows that these claims may only be pursued under 28 U.S.C. § 2255 as collateral attacks upon the lawfulness of Defendant's continued confinement, and not in the guise of a motion under the "old" Rule 35 to correct an illegal sentence. *See Petro,* 368 F.2d at 808 (construing the Rule 35 motion in that case as a motion brought under 28 U.S.C. § 2255); *Boyd,* 591 F.3d at 956 (observing that the motion in that case, despite its caption, "was not really a Rule 35(a) motion," but instead "was a section 2255 motion").

Under these circumstances, the Court ordinarily would afford Defendant an opportunity to decide whether he wishes to have his Rule 35 motion recharacterized as brought under § 2255. Yet, any such inquiry would be futile, because the time for Defendant to seek relief under § 2255 has long since passed. Motions brought under §

6

2255 are subject to a one-year period of limitation, which generally begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where, as here, the judgment of conviction pre-dated the enactment of this one-year period of limitation, the Sixth Circuit has held that a § 2255 motion may be brought within a "one-year grace period from the effective date" of this enactment in April of 1996. *Brown v. O'Dea,* 187 F.3d 572, 576-77 (6th Cir. 1999). Accordingly, the one-year period for Defendant to seek relief under § 2255 expired back in April of 1997, more than a decade ago.[3]

This leaves only the sole claim in Defendant's pending motions that may be viewed as a challenge to his sentence, rather than his underlying conviction. Even this claim, however, provides no basis for relief under the "old" Rule 35. First, while Defendant acknowledges the decision of this Court, as affirmed by the Sixth Circuit, that he is ineligible for sentencing relief under 18 U.S.C. § 3582(c)(2) in light of the crack cocaine amendments to the Sentencing Guidelines, he nonetheless invites the Court to reduce his sentence by resort to the "equitable standards intended by Congress" in

---

[3]The Court recognizes that Defendant was serving a state court sentence at the time his federal judgment of conviction became final, and that he apparently did not begin serving his federal sentence until 2006. (*See* Gov't 7/6/2009 Response, Ex. A (Michigan Department of Corrections record indicating that Defendant was discharged from state custody in August of 2006).) Nonetheless, the Sixth Circuit has held that § 2255's one-year period of limitation begins to run without regard to whether a prisoner is "incarcerated in either federal or state prison, provided that a federal court has sentenced him." *Ospina v. United States,* 386 F.3d 750, 752-53 (6th Cir. 2004). In any event, several years have passed since Defendant began serving his federal sentence, so a motion for relief under § 2255 would be untimely even if the statute's one-year period of limitation were deemed to run from the commencement of Defendant's federal incarceration.

7

addressing the sentencing disparity for crack cocaine offenses. (Defendant's Motion to Correct Sentence, Br. in Support at 7.) Yet, the Sixth Circuit has expressly spoken on the subject of Defendant's eligibility for relief in the wake of the crack cocaine amendments to the Sentencing Guidelines, and this Court is not at liberty to depart from the appellate court's ruling on this matter. In any event, Defendant's generalized appeal to notions of equity does not establish that his current sentence is "illegal," such that it would be amenable to correction under the "old" Rule 35.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's November 10, 2011 *pro se* motions to dismiss indictment and to vacate, correct, or reduce an illegal sentence (docket #1565) are DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  December 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2011, by electronic mail and upon Eric Lamar Wilkins, #10923-039, FCI Elkton, Federal Correctional Institution, P.O. Box 10, Lisbon, OH 44432 by ordinary mail.

s/Ruth A. Gunther
Case Manager